Good morning. You can be seated. Thank you. Next case, your honor, number 211 for 1232. The defendant is stated anointed by Abbey Lee v. Justin A. Greenenwald. Plaintiff. Argument of the opponent, Mr. Arthur Smith-White. Argument of the lead, Mr. Dylan Crick. Mr. White. Good morning. May it please the court, counsel. I'm Chris White. I'm from the Office of the State Appellate Defender on behalf of Justin Greenenwald, the defendant. Mr. Greenenwald asks here that this court vacate his sentence and remand the cause for resentencing where it's clear from the record that when the circuit court imposed his sentence, it considered improperly a factor that was inherent in the offense. Counsel, does the state dispute that there was an improper consideration? So that brings me to a threshold fundamental question. Since there was no objection to the error at the time of sentencing, and it was not included in the motion to reconsider sentence, how is the argument not forfeited? Well, I think for a couple of reasons. One, it's been case law suggests that in the case of particularly improper sentencing factors, that the defense counsel does not have to interrupt the court in considering those factors at the time. Why it wasn't raised in post-trial motion, I don't know, or post-sentencing motion rather, I don't know. But I think the fact here remains it still should be considered under the second prong of plain error. And that is the error was so egregious as to deny the defendant a fair sentencing hearing. Correct. So tell us why the error was so egregious. Well, I think largely it's egregious because it actually affects the substantial rights of the defendant. Here is actually his sentence. The case cited by the state, Hillier, as well as some other cases, I'm sure, don't deal with anything that is that fundamental liberty interest that has been held by law courts. You know, the prison sentence, the time held is actually a liberty interest. In Hillier it was whether or not a sex offender evaluation should be performed. It was something that was rather tangential to the actual issue of the sentence itself. Here it actually deals with the sentence itself. I think, you know, if you consider Bork, for example, the state has been unable to show, and I don't think can show in these facts, that that reliance by the trial court was so insignificant that it did not affect the sentence. Well, the trial court, I'm sorry, was just a passing reference included among several factors that were properly considered, including the defendant's potential for rehabilitation. Correct? And the court just made a passing comment. He did receive compensation. It was about $600. And then he went on to the next factor. Correct? Well, I don't think you could call it a passing comment. No, I think it was considered or it was stated in the same manner that the rest of the factors were stated. He said, you know, that he, you know, has a prior history, the nature of the offense, and then, oh, yes, and he received proceeds. I mean, it's said, I suppose, in a casual tone, if you can deduce that from the, you know, from the record itself. But I don't think that its placement in the record in any way shows that that was casual. In fact, the fact that he brought it up, particularly where the state didn't argue it in closing argument,  and unless we know to what extent that was considered and we don't here, I mean, I suppose if the court had said, well, I'm not really considering this for any purpose, but I would know that he received proceeds or something. But no, that was done. So do you submit that if he had not considered that he received proceeds, that the sentence would have been different? We don't know. It very well could have. And that's the problem. I think that's the problem that Bork deals with is the fact that you can't presume that it was insignificant. And here, you know, when it's mentioned with the others, I think it's got to be presumed to be significant unless it can be shown as insignificant. Let me ask you this question. I'll probably ask the opposing counsel. So what if we cannot determine, reviewing the record, what importance the trial judge gave to that factor? What happens then? I mean, it goes back under Martin. In fact, I think Martin says it's reversible if consideration of the improper factor adversely impacted the sentence or the second part of it, which we have here, reviewing court cannot determine the weight given. So that would be, you know, lack of a better term, a safety valve for your argument is if you can't determine it, the law mandates it goes back, right? I believe so. In addition to his other criminal history record of convictions, the state also presented evidence of another aggravated robbery that he had committed, correct? Uncharged. Right. So not only did he have a substantial known history of conviction, he also committed another aggravated robbery shortly before the defense that he was sentenced on in this case, correct? Right. And I'm not making the argument that the sentence was inherently improper by the terms of that a nine-year sentence inherently is improper. I'm making the argument that the nine-year sentence in this case probably, or at least we don't know, reflected an improper consideration by the court. We don't know if that sentence, you know, even with the improper factors, would it have been seven years? Would it have been 14 years? We just don't know that. And, in fact, he gave some consideration to the defendant for his elocution statement and said something to the effect, and this is a paraphrase, but something to the effect, you know, I took some time off of that sentence because of the impressiveness of the elocution statement. And there again, how much time? Was it not going to be nine years and six months, 10 years, 12 years? Was that factor prior to the consideration of the elocution statement would have been much higher than the mid-range sentence that he had here? So it also goes to suggest the fact that the court did consider that factor and had started with a sentence that was much higher than the one that he ended up with. Counsel, let me ask you this. You're asking us to vacate the sentence and remand for a new sentencing hearing. Is that correct? Correct. Is there another option that would be available? I'd like to say you could reduce the sentence, but there again, I don't think you can because, I mean, I think you're in a situation where because we don't know what the court's consideration was, other than he essentially remarked that he considered this improper factor. So theoretically, you're acknowledging we could, we have the authority in the proper case to reduce the sentence. Oh, sure. Sure. But this is not such a case. Because of the question that remains. Well, isn't the burden on you to show that there was some significance in sentencing with respect to that statement by the court? I don't believe under Bork there is. I think the wording of Bork is actually it has to be so insignificant that it did not lead to a greater sentence, and the insignificance of that can't be presumed. So insignificance is de novo? I mean, who determines that? Why wouldn't you have the burden of showing that? Well, I think then that's the problem, I think, is where you come in with the Markham case holding that if it can't be determined, the review court cannot determine the weight that was given that factor, then it has to go back. And I think that's what we have here is it can't be shown. The state can't show that it was significant, or was insignificant, rather. And I think it has to go back on that basis because we don't know at this point what consideration, if any, is given. I think earlier you responded to Justice Hudson's comment that if, but for this factor, you wouldn't be here. But because the sentence is well within the range, the defendant's criminal history certainly would warrant this type of sentence. But the judge made this comment. So here we are, correct? It might, sure. I mean, we don't know. I mean, that's the problem. We don't know. But whose burden is it to show that it did affect the sentence and deprived your client of a fair sentencing hearing? Whose burden is that? My reading of Bork is it's the state's. It's got to show that that factor is insignificant. What's the specific language in Bork that you're relying on? Reliance was so insignificant that it did not lead to a greater sentence, and that insignificance cannot be presumed. And I think if you've got a situation where you don't know, you don't know the weight that was given that factor, but that that factor was considered, which is what we have here, it's clear that the factor was considered because it was mentioned. To what extent it was considered, we really don't know at this point, and I think that's what makes it necessary to go back. But you're asking us to proceed under plain error, correct? Correct. Because you didn't preserve it. Right. So it's the closely balanced evidence test. Or the second part, which is what I would argue, that the error is so egregious that it denied it. So egregious. And you think we should find that the error was so egregious as to deny the defendant a fair sentencing? Fair sentencing hearing, right. Because of the comment, that one comment that Judge Piconiak made about receiving money. Correct. You rely on the Heenan, which is a double enhancement case. It's a little different than what we have here. Sure, it's a little, right. And Myrick's, which is an extended term eligible case, but he didn't extend it. As examples of an unfair sentencing hearing. But I think here it's not, it's even worse really than a hearing here. I mean, that's not what the plain error rule addresses, both fair trial and fair sentencing hearing. Here, it's sentencing hearing in the sense that an improper factor was considered and that affected directly or could have directly affected. Could have. Right. And that's the question, which I think is why remand is necessary. A fundamental liberty interest to the defendant, which is the amount of time he spends in prison. So it's not just a question of, as in Hillier, whether or not he should have been given a sex offender evaluation, whether or not certain things that are involved in the sentencing hearing should have been done. Whether or not a PSI is done improperly or something. Here it actually goes to the amount of time that the defendant spent in prison. Each time a court makes an improper consideration of a factor, a sentencing factor, it's not necessarily reversible error. And it's not, so therefore it's not necessarily plain error, correct? I mean, are you saying any time a judge misspeaks in a sentencing hearing that it's reversible error? If it can be shown that that actually is a misspeaking. Exactly. So show us. Tell us, how are you showing us that that is affected the way he has sentenced your client? In this particular case, and I was about to ask that question, as you've alluded to, there has to be a finding of something egregious. So whenever a judge mentions an improper sentencing factor, arguably it would be reversible error. What is it about this case that makes it particularly egregious to involve the second prong of the plain error rule? Well, because in the cases you're talking about, what you didn't do here was say, oh, I'm speaking, you know, sloppily or informally and I'm not considering this. I think it has to go back under Martin if you can't determine the way you've given. And I think if any time a improper sentencing factor is considered, I think it has to go back unless you can determine from the record that that is so insignificant, and that's under Martin, that it wasn't considered. But do you have any case law that says that presumptively it should go back? I think both Martin and Bork. Bork doesn't say that. Bork says you look at the entire record. You don't presume it. You look at the entire record, all the factors, the defendant's history, what the record was, what the court considered, and the sentence that was imposed. You don't just look at an isolated comment. Right. And then remand it unless the reliance was so insignificant that it did not lead to a greater sentence. I don't know how you can find that out in a case like this where the defendant, the judge said only that he's considering this factor, didn't say he's considering this factor, but mentions this factor along with other factors of aggravation. Can't you make that determination by looking at the totality of the record? The guy had prior, was it a burglary? You know, he's failed before at probation. I mean, can't you take the factors that the court looked at, the factors in aggravation, in determining that this sole mention was not that egregious that it was going to throw the train off the tracks, if you will? I don't think you can here, because he mentioned them together. He mentioned his prior history, proceeds of the robbery, and probation, I believe was the other one. Danger to others, I think he also mentioned. Right, and he mentioned them equally. So I don't know. We can't tell from the record what way he gave it. Maybe without the proceeds of the robbery, the defendant would have gotten eight and a half years. Maybe he got eight years. Maybe he would have also gotten nine. We just don't know from that statement, because he didn't say, oh, I'm not considering. I think there has to be an affirmative thing here under Martin, an affirmative statement by the court that says, I'm not considering this. Because if he mentions that factor in connection with all of the other factors, I think it has to be presumed that that factor was considered by the court. What if the judge gave him five years? Under your analysis, it goes back no matter what, because he didn't get the minimum. He got one year more than the minimum, so therefore it has to go back. That's essentially what your argument is. I don't think it has to be the minimum. I'm simply saying that under Martin, you can't tell what it is. And if you can't tell what consideration was given that factor, it has to go back. I don't know what sentence he would have gotten had that not been considered. It might have been the same sentence. We don't know. That's the problem, and that's why I think it needs to go back.  And, again, there's no particular burden you're attributing to either party of who has to prove it's significant or insignificant. No, I mean just the language of Bork that seems to suggest that if an insignificance can't be presumed, it would seem to suggest that it's significant unless it can be shown to be insignificant. But, no, I don't think that's been really firmly established. But I think here we do have a situation where you can't presume that it was insignificant, which is essentially the argument we have here is it's insignificant because, you know, based on the sentence. But I don't think that can be presumed because we don't know what the sentence would have been had he not considered that other factor. From what we know now, he weighed that factor along with the other, I believe, three, three or four, so that became 20, 25 percent of his consideration or of the sentence. I mean, we just don't know. And that's why it should go back, not for necessarily a lower sentence. We're certainly not making that argument. It's up to the trial court without consideration of this factor to consider that. And we may find out when it goes back that the trial court didn't consider it, in which case the sentence is proper and can reimpose it. So based on that, we're just asking for resentencing based on improper sentence consideration. Thank you, counsel. Thank you. Ms. Kripke. Good morning. Joan Kripke on behalf of the people of the state of Illinois. Counsel, in answer to your questions as who has the burden, I would say the defendant has the burden because the defendant did not raise the issue below. So by coming up here and saying, and shifting the burden onto us, the defendant has the burden of making either one of the two prongs of plain error. And now he's saying, well, it's egregious because an improper sentence is always an attack on fundamental rights of the defendant. Well, that would be a given. We would agree to that in the greater scheme of justice that that would always be a truism if something like that is going on. However, that's not enough. The defendant who failed to preserve this error has to make some kind of proof at this level, at the appellate level. And what was interesting- Well, what you're saying has some intuitive appeal, but do you have any cases that specifically address the burden of significance or insignificance? I can't remember the case law. But the generalized case law, whenever you're doing a sentence, is that the court does not have to go over each factor in mitigation and aggravation. And very often we'll get briefs where they'll say, well, they didn't say this or they didn't talk about this. Therefore, the sentence should be reduced because the court didn't consider this factor or that factor. And the response from us always is, and I can't remember the case law, it always is, well, no, that's not true. The court doesn't have to reveal its innermost thoughts and tell each specific factor in aggravation and mitigation that it considered. It's presumed that the court considered the factors that were appropriate. And even so, even if you're going to shift the burden to the state in this case, as I pointed out in our brief, there were seven pages of transcription of the sentence before the court gave the sentence in the end. Two sentences was when the court said, oh, he got $600 in proceeds. That was it. But he went over every single factor in mitigation and said, I can't find any mitigation here. You have priors up and down the block. For years and years you've been caught every kind of break. You've been sent to boot camp. You've had sentences reduced from felonies to misdemeanors. You've been given low sentences. Nothing has worked. You come in here and you say you've got a child. Now you just had a recently born child. Your behavior didn't change in the five years that your five-year-old was in your life. Nothing changed from this person. He just continued to commit these crimes. And so I don't think that the defendant, just to say, well, he's exposed to a harsher sentence, is a factor that shows that there was egregiousness at one time. Let me ask you this. Go ahead. It would seem to determine whether or not reliance on an improper sentencing factor was significant or insignificant, if you will. The court, you know, looks to whether or not the court explicitly mentioned the improper factor, relied on it, or mentioned it in passing. So tell us which one of those comments this falls under and why. Was it something that the judge relied on by the record, or is it clear in the context he mentioned it in passing? I think this judge mentioned it in passing. Why? Because it was two sentences. He didn't go on and on saying, you got $600, you did this, and while you got this mere $600, you were pointing a gun at this man, you know, you threatened him. He didn't say anything like that. It's almost as if he said, oh, well, yes, there was compensation, $600, and then he went on to the next thing. Whereas with the other factors in mitigation, which he was saying don't exist, the judge was very, he spoke quite, for six pages in all but two sentences, about the other factors in mitigation and why he couldn't find any mitigation for this man. The state found some mitigation in his past. They kept reducing his cases from burglary to theft, and so finally they sought a higher sentence of 12 years, and he got nine. Yes. So at what point do we determine whether or not there was an abuse of discretion in the sentencing? Do we ever get to that point? Under plain error. I think the burden is on the defendant. I think the defendant has to come in and tell you why this was so egregious, given the totality of the entire sentencing hearing. And I don't think just to come in and say, well, the sentence might have been this or might have been that, that doesn't prove it. He had the opportunity to come out and figure out, we could have figured out below if he had raised it in his post-sentencing motion. That was his opportunity to clarify it. And when the defendant comes up here and says, well, we just don't know what happened and we can't tell what happened, well, we could have had it been raised below. Well, how does that square with the second prong of the Martin analysis that counsel alluded to? Doesn't it say that she remanded if the reviewing court, quote, unquote, cannot determine the weight which the judge gave to the factor? Well, I think you can. I think basically if you're going to look at it in terms of the context of the entire sentencing hearing, you can tell the weight. Almost none. He mentioned an improper factor. He just mentioned it and didn't give any examples of why that was significant. I didn't find anything. He just said, oh, did you receive, did the defendant receive compensation? Yes, the defendant received $600 in compensation. And then he went out. No editorializing. He just recited facts, whereas in everything else he editorialized. He gave comments. He was very succinct about it. This is the first time I think I've ever read where the judge actually said your statement in elocution impressed me. And I've knocked some years off the sentence because of it. So if anything, I don't think the defendant has met his burden. I do think the burden's on the defendant. I don't think the burden shifts to us. He's up here saying review this because we messed up below and didn't do what we were supposed to do below, which was to bring it to the attention of the court and say, judge, by the way, you mentioned $600 in compensation. Did you really rely on that factor in figuring out your sentence? Did the state ever argue that compensation? No, the state didn't either. As an aggravating factor? No. They never did? No. Not that I recall. Not that I recall. They didn't. So it was just a comment made by the court. It was a comment made by the court. All right. Let's see if anything else is in here. Are you familiar with this? Is it the Burge case? Burge or Bourke? Bourke. Burge. I'm not familiar with it. Is it mentioned in here? Is it something that I don't know? Not yet. Okay. Soon, I'm sure. I guess my question with respect to the Burge case in which Burge stands for the proposition that any time that a court makes an improper statement at sentencing, does that necessarily mean that it's plain error? I don't, I mean, first of all, I don't think it can be, if you were to take that stand. Or does it mean that you need to remand the case if the court made an improper statement at sentencing? I think if the court, well, I think that that would lead to an absurd result, as they say. You wouldn't be remanding everything. Well, that would be contrary to Martin anyway. The answer to that question is that's not what Martin says. And also, it would just, and it doesn't even happen when other people, when the state makes error during the trial. They look at the error and they say, well, yeah, it's error, but it was harmless error. I mean, you could also look at this in terms of, it's almost a harmless error type thing. If the defendant can't show anything other than to make the generalized proposition that my constitutional rights were impaired because I didn't get a fair sentencing hearing, which is understood, then he hasn't met his burden of showing that it was so egregious. I think we can agree on this, can't we? It's not automatic reversible error. Does anybody take that position? It's automatic reversible error. No, I don't think so. I think the law makes it clear it's not automatic reversible error. Well, doesn't your opponent say that it's reversible error because we can't determine what weight the trial court gave to it? So if we can't ever determine the weight the trial court gave to the statement, then in his position, it sounds like it would be automatically in any sentencing hearing you have to reverse it because the burden is not on him to show that the court gave it any weight or didn't give it any weight. I think it is. I think it is. That's part of why it's so egregious. Tell us why it's so egregious. Did the court rant and rave over this improper factor? No. And what he's really doing is setting it up so that, well, actually, the answer to that is, well, okay, if you want to do that, then you make the determination that you have the power to change the sentence or not change the sentence. You can look here and say, well, we're not really sure. We don't think it should be set for that. Did the trial court not use their discretion in the sentencing? That's correct. And did they use it improperly? And you can say, well, we're actually going to reconsider the sentence and say we're going to take that factor out and go, okay, we're going to keep it at nine years. Let me ask you this. Is the amount of money taken ever relevant in a robbery prosecution at a sentencing hearing? I don't believe so. What if a defendant takes money from a person at gunpoint and that money is their rent or that money is the victim's mortgage payment, and because the defendant takes that money, the mortgage payment can't be made? And the victim impact that was presented, is that relevant? It's relevant because it's considered in a factor in one of the factors in that the court said, a factor in mitigation where he said, and the money cannot be repaid. The defendant doesn't have the means to repay the $600 that was taken from this man. And so he mentions it again, but he mentions it in mitigation. In a different context. In a different context. That's my point. It's relevant in a different context. The defendant can't repay that money. He can't pay restitution. Is that relevant? Yes. Because it's part of mitigation. If the defendant had paid back or was able, if the court made a determination that this defendant was able to pay back that $600, well, then that's a plus on his side. But it's not exactly the flip side of the same coin. Because one is, did this, should we enhance because of it? The other one is, should we, and the flip side of that is you can't enhance because of it. And the other one is, do we give him points for not having repaid the money? So the amount of money is only relevant unless he was paid by the outside, obviously. Then it would be relevant to mention it. But it's only relevant in terms of how it affected the person, the aggrieved party in terms of whether or not he's able to pay it back in mitigation or has paid it back or offered to pay it back. There's two other kind of housekeeping things I wanted to say here. One is that I noticed upon rereading this a couple months later that I kept referring to it as an aggravated battery in my nature of the case. So that would be incorrect and should say an aggravated robbery. And the other thing is, if this court decides that it wants to remand the case, we would ask that you put in the order that the court should, which I fail to suggest, but the court would put in the order that the court below include all mandatory fines in fining the defendant when redoing the sentence. Because as far as I recall, I don't think all the mandatory fines were imposed. Thank you. Thank you. Counsel? Under the plain error doctrine, the error here is egregious because it denied a fair sentencing hearing because the consideration of the improper factor that potentially denied the defendant a liberty interest. I mean, that's the egregiousness. It's not the egregiousness of the court's statements or the egregiousness of what he may or may not have said. It's the defendant was denied possibly a proper sentence because the court undeniably considered an improper factor. The state's correct that the state, the court certainly doesn't have to delineate each factor that it considers, and we're certainly not calling for that. However, when a court does put on the record that it considered an improper factor, I think that gives it a different consideration or makes it subject to different analysis. Here, the court did state the factors, and the problem is we don't know the weight of those factors. The state argues that the sentence is proper because of the defendant's priors, but suggests that whether or not it's proper is completely irrelevant here. So we shouldn't look at the defendant's priors at all to determine what weight went into the trial court's determination as to sentence? At this point, I don't think you can. The trial court certainly can. The trial court can make that analysis. But here we can't second-guess the – and there's plenty of case law that says, you know, the appellate court, reviewing courts aren't going to second-guess the trial court in determining what type of sentence, in fact, it considers, as long as it's within the range or it's proper in that way. I think you have the same thing here, is we just don't know what weight was given. We can say it's within the range. So we shouldn't second-guess them. Should not second-guess them and should go back, right. So we shouldn't second-guess him, saying he didn't take into consideration the proper factors. So – You should not second-guess – If it's an abuse of discretion, we affirm it. No, I think this supplants abuse of discretion because it's – I mean, again, under Martin, it has to go back because we just don't know what was considered. What we know is that the court considered an improper factor. That we know. What we don't know is the weight that the court gave that factor. We do know that the State did not argue it, correct? Correct. Makes it all the worse. And as counsel said, it was just a very brief reference among six pages of other text referring to the defendant's background and failed attempts at rehabilitation. Right, although I don't know what you would really say about the proceeds of an offense other than he received proceeds of the offense because he didn't spend six pages on it. I don't know that you can then say that because he didn't, you know, he spent more time on the sexy things like the actual violence that could have been caused and the types of harm to society and that type of thing. And then gave sort of, let's say passing, but gave a much smaller description of the amount of money given. I don't think necessarily goes to the fact that he didn't consider it as heavily. The fact that the State didn't argue it in the closing argument, I think, makes it arguably more egregious because the court came up with this on its own. It didn't rely on the State's factor. It thought of this pretty much on its own. So I think because it's not necessary. Well, that's the other thing I was going to bring up is the fact that Salvador also says as far as the plain error doctrine goes that it's not necessary for counsel to raise the error on appeal. To bring up this error at the time that the court is sort of going through these improper factors is not necessary. That's right. Salvador says you don't have to object to the sentence. Correct. At the time. I mean, it still doesn't get you around, I'm sure, the raising it in a post-trial motion. But I think that is an important consideration, though, that we're not going to require the trial court at that time to say, well, wait, you can't consider that. It would have harmed it, though, wouldn't it? It may have, because the court may have either said at that time, well, I'm considering it anyway, or, you know, I'm speaking. I mean, it may have given a better indication as to what his thoughts were at that time. So you're sort of advancing the wild theory, then, that, you know, or at least it makes sense to you that when a judge is determining your client's fate, it may be good not to interrupt the judge and tell him he's clearly wrong on what he's doing? Is that sort of what you're saying? Right. I mean, not just in sentencing. A strategic move, in other words? Well, not just in sentencing to get some advantage here, but I mean, I still don't think that puts the burden then on the defense. The fact is that the court made the improper consideration, and we don't know, you know, the weight that he gave it. He may have given it none, in which case it goes back and he says, I didn't consider this at all nine years. Or he may have said, oh, sure, I did consider this to some extent, maybe a little, maybe a lot. I mean, I don't think we have enough information for us to be able to tell from the record how much, you know, how much weight he gave that. And for that reason, we're asking that it be vacated and remanded. Thank you. Thank you. Folks, thank you so much for your time here today and your impressive arguments. The court's going to be in recess. A decision will be rendered in due course. Thank you very much.